IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PHYLLIS BACHILLA, SHARLENE WALKER and WENDY LABORICO,

      Plaintiffs,

    v.

PACIFIC BELL TELEPHONE COMPANY dba AT & T COMMUNICATIONS; COMMUNICATION WORKERS OF AMERICA; and DOES 1 through 100, inclusive,

      Defendants.

_____/

No. Civ. S-07-739 RRB KJM

**<u>Memorandum of Opinion and Order</u>**

Plaintiffs, Phyllis Bachilla, Sharlene Walker and Wendy Laborico (collectively "Plaintiffs") filed a state action against their employer Pacific Bell Telephone Company dba AT & T and their union Communication Workers of America (collectively "Defendants") alleging, among other things, employment discrimination. Defendants removed the action to federal court on the basis of federal question jurisdiction. Plaintiffs now

move to remand on the ground that removal was untimely. Alternatively, Plaintiffs move to remand on the ground that federal question jurisdiction does not exist. For the following reasons, the court DENIES the motion.[1]

## I. BACKGROUND

Plaintiffs are employees of Pacific Bell Telephone Company dba AT & T Communications ("Pacific Bell"). Pl.'s Mot. at 2; First Amended Complaint ("FAC") ¶¶ 1-3. Plaintiffs are represented by a labor union Communication Workers of America Local 9421 ("CWA") and employed pursuant to a Collective Bargaining Agreement ("CBA") entered into between Pacific Bell and CWA. FAC ¶¶ 32, 52. The CBA governs the terms and conditions of Plaintiffs employment, including promotions and transfers based on seniority. FAC ¶¶ 32-33; Decl. of Jerrie Collier ("Collier") ¶¶ 4-5, In Support of Def.'s Mot. for Removal.

_____

[1] Inasmuch as the Court concludes the parties have submitted memoranda thoroughly discussing the law and evidence in support of their positions, it further concludes oral argument is neither necessary nor warranted with regard to the instant matter. See Mahon v. Credit Bureau of Placer County, Inc., 171 F.3d 1197, 1200 (9th Cir. 1999)(explaining that if the parties provided the district court with complete memoranda of the law and evidence in support of their positions, ordinarily oral argument would not be required). As a result, the oral argument presently scheduled for Wednesday, September 5, 2007, at 10:00 a.m., is hereby **VACATED**.

The instant action arose out of Defendants alleged discriminatory conduct in the form of denying Plaintiffs' promotions to "Power Positions" in favor of male co-workers with less seniority. Pl.'s Mot. at 2; FAC ¶¶ 10-12. Following their denial of promotions, Plaintiffs filed grievances under the CBA against Pacific Bell through CWA on or about October 24, 2003. FAC ¶ 12. In or about August 2005, Plaintiffs received notification that their grievances had been addressed and settled. Id. ¶ 14. Plaintiffs subsequently learned that their grievances had been terminated on November 6, 2003, even though Defendants had led them to believe that they were still being processed. Id. ¶ 16.

In or about August 2005, Ms. Bachilla and Ms. Laborico were given settlement agreements offering them different positions on a "now or never" basis. FAC ¶ 17. In or about September 2005, Ms. Walker was also given a settlement agreement offering her a different position on a "take it or leave it" basis. Id. ¶ 20. Plaintiffs allege that the settlements contained terms that Defendants knew would be unacceptable to them. Id. ¶¶ 18-21. On September 21, 2005, the grievance process was closed after Plaintiffs refused to accept their respective settlement offers. Id. ¶¶ 18, 21.

On or about September 29, 2005, Ms. Walker filed a complaint against CWA with the National Labor Relations Board

("NLRB") based on its handling of her grievance. FAC ¶ 22. On November 1, 2005, Ms. Walker was removed from her position as a Steward in Local 9421, allegedly in retaliation for pursuing a grievance and filing a complaint with the NLRB. Id. ¶¶ 23, 27.

On December 14, 2006, Plaintiffs filed the present action alleging the following claims: (1) discrimination; (2) retaliation; (3) breach of implied contract; (4) fraud and deceit; (5) breach of covenant of good faith and fair dealing; (6) breach of fiduciary duty; and (7) gross negligence. Compl. at 3-11. On March 19, 2007, Plaintiffs filed their FAC and caused it and a copy of the summons to be served on Defendants. Notice of Removal ¶¶ 3-4.[2]

On April 17, 2007, Defendants filed a notice of removal on the basis of federal question jurisdiction. Notice of Removal ¶ 6. Defendants moved for removal pursuant to 28 U.S.C. § 1441(b) on the ground that the instant action arises under, and is preempted by, § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Id. ¶ 6.

//

//

---

[2]   Each and every claim in the FAC is alleged against all Defendants, except for the breach of fiduciary duty claim which is only alleged against CWA. FAC ¶¶ 9-56. Additionally, the FAC does not contain a gross negligence claim as alleged in the original complaint. Id.

4

## II. DISCUSSION

**A.   Timeliness of Removal**

Plaintiffs argue that this action should be remanded because Defendants failed to remove it within thirty days after receiving the initial pleadings. Plaintiffs allege that Defendants received the initial pleadings on February 12, 2007, but did not file their notice of removal until April 17, 2007. As such, Plaintiffs argue that remand is appropriate because Defendants notice of removal was untimely.

28 U.S.C. § 1446(b) states: "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." Under § 1446(b), "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999).  Only when a defendant is "notified

5

of the action, and brought under a court's authority, by formal process" does the time limit for removal commence to run.  Id.

Here, Defendants argue that the time to remove was not triggered until Plaintiffs caused a copy of the summons and FAC to be served on CWA on March 19, 2007.  Defendants argue that the time to remove did not commence prior to this date because service of process was defective.  As such, Defendants assert that their notice of removal was timely because it was filed on April 17, 2007, within thirty days from proper service (i.e., March 19, 2007)  For their part, Plaintiffs do not argue that service of the initial pleadings was proper.  Rather, Plaintiffs simply argue that Defendants receipt of the initial pleadings was sufficient to trigger the thirty-day removal period.  The court disagrees.

n Murphy Bros., the Supreme Court expressly held that mere receipt of the complaint unattended by formal service is insufficient to trigger the thirty-day removal period.  Murphy Bros., 526 U.S. at 348.  Thus, if Defendants were not properly served, it is immaterial whether they had knowledge of the original Complaint.[3]  The time for removal commences upon receipt

---

[3]   To the extent that Plaintiffs rely on cases pre-dating Murphy Bros. for the proposition that receipt of initial pleadings, rather than proper service, is sufficient to trigger the thirty-day removal period, such reliance is misplaced.  The

of the Complaint attended by formal service.  Accordingly, the issue before the court is whether formal service was effected thirty days prior to Defendants' filing of their notice of removal on April 17, 2007.

Rule 4(h) states, in relevant part: "service upon a domestic . . . corporation . . . that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected: (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant. . . ." Rule(e)(1) states that service may be effected "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State. . . ."

California Code of Civil Procedure § 415.30(a) provides: "A summons may be served by mail as provided in this section.  A

holding in <u>Murphy Bros.</u> is the controlling authority regarding Defendants time to remove.

7

copy of the summons and of the complaint shall be mailed (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender."  "Service of a summons pursuant to this section is deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender." Cal. Code Civ. Proc. § 415(c).

Here, Plaintiffs failed to satisfy their burden to establish that service of the initial pleadings was proper under Rule 4 to trigger the thirty-day removal period. See Universal Trading & Investment Co. v. Kiritchenko, 2007 WL 660083, *1 (N.D. Cal. 2007) (citing Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004) (observing that once service is challenged, the plaintiff bears the burden of establishing that service was valid under Rule 4)). Notably, Plaintiffs failed to offer proof that the written acknowledgement of service regarding the initial pleadings was returned. As such, Plaintiffs did not prove that service was properly effected under § 415.30 regarding the initial pleadings. See Thierfeldt v. Marin Hospital Dist., 35 Cal.App.3d 186, 199 (1973) (holding that service is not properly effected until the defendant executes and returns an acknowledgement of service).

Accordingly, because Plaintiffs concede that service of process regarding the initial pleadings "may have been technically defective," and because Plaintiffs failed to demonstrate that service regarding such pleadings was properly effected thirty days prior to Defendants' filing their notice of removal, removal was not untimely.

**B.   Removal Jurisdiction**

Plaintiffs argue that this matter should be remanded for lack of subject matter jurisdiction because this dispute involves the breach of an implied contract, not the breach of the CBA.

A defendant may only remove an action to federal court if the action filed in state-court could have originally been filed in federal court.[4]  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  "[F]ederal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.  Id.; see Sparta Surgical Corp. v. National Ass'n of Securities

---

[4]   28 U.S.C. § 1441(a) provides, in relevant part: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998) (noting that "[t]he existence of federal question jurisdiction is ordinarily determined from the face of the complaint").

In general, a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption. Busey v. P.W. Supermarkets, Inc., 368 F.Supp.2d 1045, 1048 (N.D. Cal. 2005) (citing Caterpillar, 482 U.S. at 393). However, once an area of state law has been completely preempted, such as controversies involving collective bargaining agreements, any claim purportedly based on that preempted law is considered a federal claim, and therefore arises under federal law and is removable. Busey, 368 F.Supp.2d at 1048. Accordingly, the question before the court is whether Plaintiffs' claims arise under § 301 of the LMRA, thus permitting removal to federal court. Id.

Section 301 of the LMRA provides, in pertinent part: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 28 U.S.C. § 185(a). "Section 301 of the LMRA preempts state law claims that are based directly on rights created by a collective bargaining agreement, and also

preempts claims that are substantially dependent on an interpretation of a collective bargaining agreement." <u>Aguilera v. Pirelli Armstrong Tire Corp.</u>, 223 F.3d 1010, 1014 (9th Cir. 2000); <u>see</u> <u>Young v. Anthony's Fish Grottos, Inc.</u>, 830 F.2d 993, 997 (9th Cir. 1987) ("[t]he preemptive force of section 301 is so powerful as to displace entirely any state claim based on a collective bargaining agreement . . . and any state claim whose outcome depends on analysis of the terms of the agreement").

Thus, the critical inquiry in whether state law claims will be preempted is whether they "require interpretation of a CBA, or [are] 'substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract,'" not whether the complaint is framed without reference to a CBA. <u>Busey</u>, 368 F.Supp.2d at 1049 (citing <u>Allis-Chalmers Corp. v. Lueck</u>, 471 U.S. 202, 210-211, 213 (1985); <u>Cook v. Lindsay Olive Growers</u>, 911 F.2d 233, 237 (9th Cir. 1990). "[E]ven suits based on torts, rather than on breach of collective bargaining agreements, are governed by federal law if their evaluation is 'inextricably intertwined with consideration of the terms of [a] labor contract.'" <u>Miller v. AT & T Network Sys.</u>, 850 F.2d 543, 545 (9th Cir. 1988) (quoting <u>Allis-Chalmers</u>, 471 U.S. at 213).[5]

---

[5] The purpose of expanding complete preemption beyond the "suits for violations of contracts" language of § 301 is to promote uniformity in the interpretation of CBAs and to generate

Section 301 does not however preempt state law claims where a court can uphold independent state law rights without interpreting the terms of a CBA.  <u>Busey</u>, 368 F.Supp.2d at 1049 (citing Allis-Chalmers, 471 U.S. at 211, 213); <u>see</u> <u>Cook</u>, 911 F.2d at 237 ("[a] claim is not preempted if it does not threaten significantly the collective bargaining process and if it furthers a state interest in protecting the public that transcends the employment relationship").  Therefore, nonnegotiable state-law rights independent of any right established by contract are not preempted because Congress never intended to preempt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract.  <u>Miller</u>, 850 F.2d at 546 (quotation marks omitted).[6]

### 1. Breach of Contract

Plaintiffs argue that their claims are not preempted by § 301 of the LMRA because they are based on an implied contract,

---

and preserve a body of consistent federal labor law.  <u>Lingle v. Norge Div. of Magic Chef, Inc.</u>, 486 U.S. 399, 405-06 (1988). Another is to promote the federal policy favoring arbitration and to prevent litigants from using state law litigation to side-step or alter the negotiated provisions of a CBA, including the dispute resolution procedures.  <u>Allis-Chalmers</u>, 471 U.S. at 211.

[6]   "A right is nonnegotiable if the state law does not permit it to be waived, alienated, or altered by private agreement." <u>Miller</u>, 850 F.2d at 546.  "Independent rights are those state-law rights that can be enforced without any need to rely on the particular terms, explicit or implied, contained in the labor agreement."  <u>Id.</u>

which is primarily based on the policies and procedures of Pacific Bell, not the CBA. Pl.'s Mot. at 11. Plaintiffs argue that such contracts were breached when Pacific Bell failed to promote Plaintiffs in favor of male co-workers with less seniority in violation of their policies and oral representations that promotions were based on seniority. FAC ¶¶ 11, 33-36.

Here, Plaintiffs acknowledge that they are members of the CWA and that CWA entered into a CBA with Pacific Bell on their behalf, which governs the terms of their employment, including promotions and transfers. FAC ¶¶ 1-3, 32, 52; Def.'s Request for Judicial Notice, Exh. D. Plaintiffs also acknowledge that their grievances alleging sexual discrimination were filed against Pacific Bell through CWA. Id. ¶¶ 10-12. Nonetheless, Plaintiffs maintain that their claims are not substantially dependent on analysis of the terms of the CBA because they are based on an "implied contract," not the CBA. The court rejects this argument.

Here, Plaintiffs assert that their implied labor contract is independent of the CBA and therefore not a claim for breach of the CBA. However, because the subject matter of their contract is a job position covered by the CBA, any independent agreement of employment concerning that position could be effective only as part of the collective bargaining agreement,

thus the CBA controls and the contract claim is preempted. <u>See</u> <u>Aguilera</u>, 223 F.3d at 1015 ("where the position in dispute is 'covered by the CBA, the CBA controls and any claims seeking to enforce the terms of [such agreement] are preempted'"); <u>Young</u>, 830 F.2d at 997 (alleged oral contract between employee and employer regarding reinstatement controlled by CBA since employee held position covered by collective bargaining agreement).[7] To the extent that Plaintiffs rely on <u>Caterpillar</u> in support of their position that the implied contract claim is not preempted, such reliance is misplaced. <u>Caterpillar</u> is inapplicable to the present circumstances because, unlike in <u>Caterpillar</u>, Plaintiffs did not negotiate an individual employment contract for a position not governed by the CBA at a time when they were not covered by the CBA. <u>Caterpillar</u>, 482 U.S. at 388-89. Thus, the reasoning of <u>Caterpillar</u> does not support Plaintiffs position that their implied contract claim is not preempted.

Accordingly, because Plaintiffs' breach of contract claim cannot be resolved without interpreting the CBA, it is preempted

---

[7]   Moreover, because Plaintiffs had access to a CBA-sanctioned grievance procedure, their breach of contract claim is preempted under § 301 of the LMRA. <u>Price v. Georgia-Pacific Corp.</u>, 99 F.Supp.2d 1162, 1166 (N.D. Cal. 2000) (holding that an employee in a position with access to a CBA-sanctioned grievance procedure cannot state an individual claim for breach of contract under state law because such claim is necessarily preempted by § 301 of the LMRA).

by § 301 of the LMRA. As such, Plaintiffs' implied contract claim is subject to re-characterization as an artfully pled § 301 claim and is therefore properly before this court. <u>See</u> <u>Busey</u>, 368 F.Supp.2d at 1054 ("where a relationship is otherwise governed by a collective bargaining agreement, state law theories of breach of contract and implied covenant of good faith and fair dealing are preempted, and subject to recharacterization as [§] 301 claim for breach of contract").[8]

## C.  Jurisdiction over Tort Claims

Plaintiffs' FAC also alleges various state tort claims. The court however need not address whether jurisdiction exists independently over these claims because it can properly exercise pendent jurisdiction over such claims based on their close relation with the § 301 claim, the economy of hearing all claims arising out of the failure to promote in the same action, and the significant federal interest in deciding the preemption defense to the tort claims. <u>Young</u>, 830 F.2d at 999; <u>Bale v. General Telephone Co. of California</u>, 795 F.2d 775, 778 (9th Cir. 1986) (observing that district courts have jurisdiction over state claims sharing "'a common nucleus of operative fact[s]'"

---

[8]  Because the implied covenant derives from the contract and is defined by the contractual obligation of good faith, it is preempted to the same extent the breach of contract claim is. <u>Audette v. Int'l Longshoremen's and Warehousemen's Union</u>, 195 F.3d 1107, 1112 (9th Cir. 1999) (citing <u>Allis-Chalmers</u>, 471 U.S. at 218).

with federal claims).[9]   Here, the tort claims share a common nucleus of operative facts with the § 310 claim because they all arise out of Pacific Bell's failure to promote and from Defendants conduct in connection with Plaintiffs' grievances based on Pacific Bell's failure to promote.

### III. CONCLUSION

For the reasons stated above, the court DENIES the motion to remand.

**IT IS SO ORDERED.**

ENTERED this 18th day of September, 2007.

s/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[9]   28 U.S.C. § 1367 (a) provides, in relevant part: "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."