IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PHYLLIS BACHILLA, SHARLENE
WALKER and WENDY LABORICO,

      Plaintiffs,

    v.

PACIFIC BELL TELEPHONE COMPANY
dba AT & T COMMUNICATIONS;
COMMUNICATION WORKERS OF
AMERICA; and DOES 1 through
100, inclusive,

      Defendants.

_____/

No. Civ. S-07-739 RRB KJM

**Memorandum of Opinion**
**and Order**

    Plaintiffs, Phyllis Bachilla, Sharlene Walker and Wendy
Laborico (collectively "Plaintiffs") filed a state action
against their employer Pacific Bell Telephone Company dba AT & T
and their union Communication Workers of America (collectively
"Defendants") alleging, among other things, sex discrimination
and retaliation. Defendants removed the action to federal court
on the basis of federal question jurisdiction. Plaintiffs now

1

move to dismiss the entire action under Rule 12(b)(6) on the ground that each and every claim is time-barred. Alternatively, Defendants move to dismiss Plaintiffs' discrimination and retaliation claims under Rule 12(b)(1) on the ground that subject matter jurisdiction is lacking. For the following reasons, the court GRANTS the motion.[1]

## I. BACKGROUND

Plaintiffs are employees of Pacific Bell Telephone Company dba AT & T Communications ("Pacific Bell"). First Amended Complaint ("FAC") ¶¶ 1-3. Plaintiffs are represented by a labor union Communication Workers of America Local 9421 ("CWA") and employed pursuant to a Collective Bargaining Agreement ("CBA") entered into between Pacific Bell and CWA. FAC ¶¶ 6, 32, 52. The CBA governs the terms and conditions of Plaintiffs' employment, including promotions and transfers based on seniority. FAC ¶¶ 32-33; Decl. of Jerrie Collier ("Collier") ¶¶ 4-5, In Support of Def.'s Mot. for Removal.

---

[1]   Inasmuch as the Court concludes the parties have submitted memoranda thoroughly discussing the law and evidence in support of their positions, it further concludes oral argument is neither necessary nor warranted with regard to the instant matter. <u>See</u> <u>Mahon v. Credit Bureau of Placer County, Inc.</u>, 171 F.3d 1197, 1200 (9th Cir. 1999)(explaining that if the parties provided the district court with complete memoranda of the law and evidence in support of their positions, ordinarily oral argument would not be required). As a result, the oral argument presently scheduled for Wednesday, September 5, 2007, at 10:00 a.m., is hereby **VACATED**.

The instant action arose out of Defendants alleged discriminatory conduct in the form of denying Plaintiffs' promotions to "Power Positions" in favor of male co-workers with less seniority. Pl.'s Opp. at 2; FAC ¶¶ 10-12. Following their denial of promotions, Plaintiffs filed grievances under the CBA against Pacific Bell through CWA on or about October 24, 2003. FAC ¶ 12. In or about August 2005, Plaintiffs received notification that their grievances had been addressed and settled. Id. ¶ 14. Plaintiffs were subsequently informed that their grievances had been terminated on November 6, 2003, even though Defendants had led them to believe that the grievances were still being processed. Id. ¶ 16.

In or about August 2005, Ms. Bachilla and Ms. Laborico were given settlement agreements offering them a different position on a "now or never" basis. FAC ¶ 17. In or about September 2005, Ms. Walker was also given a settlement agreement offering her a different position on a "take it or leave it" basis. Id. ¶ 20. Plaintiffs allege that the settlements contained terms that Defendants knew would be unacceptable to Plaintiffs. Id. ¶¶ 18-21. On September 21, 2005, the grievance process was closed after the Plaintiffs refused to accept their settlement offers. Id. ¶¶ 18, 21.

On or about September 29, 2005, Ms. Walker filed a complaint against CWA with the National Labor Relations Board

("NLRB") based on its handling of her grievance.  FAC ¶ 22.  On November 1, 2005, Ms. Walker was removed from her position as a Steward in Local 9421, allegedly in retaliation for pursuing a grievance and filing a complaint with the NLRB.  Id. ¶¶ 23, 27.

On December 14, 2006, Plaintiffs filed the present action alleging the following claims: (1) discrimination; (2) retaliation; (3) breach of implied contract; (4) fraud and deceit; (5) breach of covenant of good faith and fair dealing; (6) breach of fiduciary duty; and (7) gross negligence.  Compl. at 3-11.  On March 19, 2007, Plaintiffs filed their FAC and caused it and a copy of the summons to be served on Defendants. Notice of Removal ¶¶ 3-4.[2]

On April 17, 2007, Defendants filed a notice of removal on the basis of federal question jurisdiction.  Notice of Removal ¶ 6.  Defendants moved for removal pursuant to 28 U.S.C. § 1441(b) on the ground that the instant action arises under, and is preempted by, § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.  Id. ¶ 6.

//

//

_____

[2]   Each and every claim in the FAC is alleged against all Defendants, except for the breach of fiduciary duty claim which is only alleged against CWA.  FAC ¶¶ 9-56.  Additionally, the FAC does not contain a gross negligence claim as alleged in the original complaint.  Id.

**II. DISCUSSION**

**A.   Legal Standard**

**1.   Rule 12(b)(6)**

Rule 12(b)(6) motions to dismiss essentially "test whether a cognizable claim has been pleaded in the complaint."   Under Rule 12(b)(6), a complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief." Hughes v. Rowe, 449 U.S. 5, 10 (1980); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).   All material allegations in the complaint must be taken as true and construed in the light most favorable to plaintiff.   See In re Silicon Graphics Inc. Sec Lit., 183 F.3d 970, 983 (9th Cir. 1999). But "the court [is not] required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell, 266 F.3d at 988.

If a claim is barred by the applicable state statute of limitations, dismissal pursuant to Rule 12(b)(6) is appropriate. Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000).   "A motion to dismiss based on the running of the statute of limitations period may be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled."

<u>Supermail Cargo, Inc. v. United States</u>, 68 F.3d 1204, 1206 (9th Cir. 1995) (citation and quotation marks omitted). "In fact, a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." <u>Id.</u> at 1207.

**2. Rule 12(b)(1)**

Rule 12(b)(1) authorizes a party to seek dismissal of an action for lack of subject matter jurisdiction. "When subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." <u>Tosco Corp. v. Communities for a Better Env't</u>, 236 F.3d 495, 499 (9th Cir. 2001). In adjudicating a Rule 12(b)(1) motion, unlike a motion under Rule 12(b)(6), the court is not limited to the pleadings, and may properly consider extrinsic evidence. <u>See</u> <u>Ass'n of Am. Med. Colleges v. United States</u>, 217 F.3d 770, 778 (9th Cir. 2000) (citations and quotation marks omitted) (in a Rule 12(b)(1) motion "the moving party may submit affidavits or any other evidence properly before the court. . . . It then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject

matter jurisdiction").[3]   The court presumes lack of jurisdiction until the plaintiff proves otherwise.   See Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).

**B.   Timeliness of Removal**

Plaintiffs argue that this motion should be denied for lack of subject matter jurisdiction because Defendants failed to remove it within thirty days after receiving the initial pleadings.   Plaintiffs argue that Defendants received the initial pleadings on February 12, 2007, but did not file their notice of removal until April 17, 2007.   As such, Plaintiffs argue that remand is appropriate because Defendants notice of removal was untimely.   The court rejects this argument.

As discussed more fully in the court's order denying Plaintiffs' motion to remand, removal was not untimely because Plaintiffs' failed to demonstrate that service was properly effected thirty days prior to Defendants' filing of their notice

---

[3]   Pursuant to Fed. R. Evid. 201(b), a court may take judicial notice of records and reports of administrative bodies.   Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986), overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104, 111 (1991).   It is also proper for the court to "take judicial notice of matters of public record outside the pleadings" and consider them for the purposes of this motion.   MGIC Indemnity Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986); see Gallo v. Board of Regents of University of California, 916 F.Supp. 1005, 1007 (S.D. Cal. 1995)(holding that in the context of a motion to dismiss, a district court may consider both an EEOC right to sue letter and the EEOC charge, as public records subject to judicial notice).

of removal on April 17, 2004.  In this regard, Plaintiffs' have simply asserted that removal was untimely because the time-period for removal commenced when Defendants received the initial pleadings on February 12, 2007.  However, contrary to Plaintiffs' assertion, absent proper service, it is of no moment that Defendants received the initial pleadings thirty days prior to Defendants filing of the notice of removal.  <u>See</u> <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 347-48 (1999) ("a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."  A defendant's time to remove only commences when a defendant is "notified of the action, and brought under a court's authority, by formal process").  Accordingly, absent proper service, the thirty-day removal period does not commence.  Thus, the question before the court is whether service was properly effected regarding the initial pleadings to trigger the removal period.

Rule 4(h) states, in relevant part: "service upon a domestic . . . corporation . . . that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected: (1) in a judicial district of the United States in the manner prescribed for

individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant. . . ." Rule(e)(1) states that service may be effected "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State. . . ."

California Code of Civil Procedure § 415.30(a) provides: "A summons may be served by mail as provided in this section. A copy of the summons and of the complaint shall be mailed (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender." "Service of a summons pursuant to this section is deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender." Cal. Code Civ. Proc. § 415(c).

Here, Plaintiffs have failed to satisfy their burden to establish that service of the initial pleadings was proper under

Rule 4 to trigger the thirty removal period.  <u>See</u> <u>Universal</u> <u>Trading & Investment Co. v. Kiritchenko</u>**,** 2007 WL 660083, *1 (N.D. Cal. 2007) (citing <u>Brockmeyer v. May</u>, 383 F.3d 798, 801 (9th Cir. 2004) (observing that once service is challenged, the plaintiff bears the burden of establishing that service was valid under Rule 4)).  Notably, Plaintiffs failed to offer proof that the written acknowledgement of service was returned with respect to the initial pleadings.  As such, Plaintiffs did not prove that service of the initial pleadings was properly effected under § 415.30.  <u>See</u> <u>Thierfeldt v. Marin Hospital</u> <u>Dist.</u>, 35 Cal. App. 3d 186, 199 (1973) (holding that service is not properly effected until the defendant executes and returns an acknowledgement of service).

Accordingly, because Plaintiffs concede that service of process regarding the initial pleadings "may have been technically defective," and because Plaintiffs failed to demonstrate that service of these pleadings was properly effected thirty days prior to Defendants' filing of their notice of removal, removal was not untimely.

**C.    Preemption**

Defendants argue that subject matter jurisdiction exists because each and every claim is preempted by the LMRA.  As a consequence, Defendants contend that the entire action should be dismissed because Plaintiffs failed to file their action within

the LMRA's six-month limitations period.   These claims are addressed individually below.

Section 301 of the LMRA provides, in pertinent part: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."  28 U.S.C. § 185(a).  "Section 301 of the LMRA preempts state law claims that are based directly on rights created by a collective bargaining agreement, and also preempts claims that are substantially dependent on an interpretation of a collective bargaining agreement."  <u>Aguilera v. Pirelli Armstrong Tire Corp.</u>, 223 F.3d 1010, 1014 (9th Cir. 2000); <u>see</u> <u>Young v. Anthony's Fish Grottos, Inc.</u>, 830 F.2d 993, 997 (9th Cir. 1987) ("[t]he preemptive force of section 301 is so powerful as to displace entirely any state claim based on a collective bargaining agreement . . . and any state claim whose outcome depends on analysis of the terms of the agreement").

Thus, the critical inquiry in whether state law claims will be preempted is whether the claims "require interpretation of a CBA, or [are] 'substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract,' " not whether the complaint is framed without

reference to a CBA. <u>Busey v. P.W. Supermarkets, Inc.</u>, 368 F.Supp.2d 1045, 1049 (N.D. Cal. 2005) (citing <u>Allis-Chalmers Corp. v. Lueck</u>, 471 U.S. 202, 210-11, 213 (1985)); <u>Cook v. Lindsay Olive Growers</u>, 911 F.2d 233, 237 (9th Cir. 1990). "[E]ven suits based on torts, rather than on breach of collective bargaining agreements, are governed by federal law if their evaluation is 'inextricably intertwined with consideration of the terms of [a] labor contract.' " <u>Miller v. AT & T Network Sys.</u>, 850 F.2d 543, 545 (9th Cir. 1988) (quoting <u>Allis-Chalmers</u>, 471 U.S. at 213).[4]

Section 301 does not however preempt state law claims where a court can uphold independent state law rights without interpreting the terms of a CBA. <u>Busey</u>, 368 F. Supp. 2d at 1049 (citing Allis-Chalmers, 471 U.S. at 211, 213); <u>see</u> <u>Cook</u>, 911 F.2d at 237 ("[a] claim is not preempted if it does not threaten significantly the collective bargaining process and if it furthers a state interest in protecting the public that transcends the employment relationship"). Therefore,

---

[4] The purpose of expanding complete preemption beyond the "suits for violations of contracts" language of § 301 is to promote uniformity in the interpretation of CBAs and to generate and preserve a body of consistent federal labor law. <u>Lingle v. Norge Div. of Magic Chef, Inc.</u>, 486 U.S. 399, 405-06 (1988). Another is to promote the federal policy favoring arbitration and to prevent litigants from using state law litigation to side-step or alter the negotiated provisions of a CBA, including the dispute resolution procedures. <u>Allis-Chalmers</u>, 471 U.S. at 211.

nonnegotiable state-law rights independent of any right established by contract are not preempted because Congress never intended to preempt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract. <u>Miller</u>, 850 F.2d at 546 (quotation marks omitted).[5]

In determining whether a state-law claim is preempted under § 301, "a court must consider: (1) whether the CBA contains provisions that govern the actions giving rise to a state claim, and if so, (2) whether the state has articulated a standard sufficiently clear that the state claim can be evaluated without considering the overlapping provisions of the CBA, and (3) whether the state has shown an intent not to allow its prohibition to be altered or removed by private contract. A state law will be preempted only if the answer to the first question is 'yes,' and the answer to either the second or third is 'no.' " <u>Miller</u>, 850 F.2d at 548.

**1. Breach of Contract**

Plaintiffs argue that their claims are not preempted by § 301 of the LMRA because they are based on an implied contract, which is primarily based on the policies and procedures of

---

[5]   "A right is nonnegotiable if the state law does not permit it to be waived, alienated, or altered by private agreement." <u>Miller</u>, 850 F.2d at 546. "Independent rights are those state-law rights that can be enforced without any need to rely on the particular terms, explicit or implied, contained in the labor agreement." <u>Id.</u>

Pacific Bell, not the CBA.   Pl.'s Mot. for Remand at 11. Plaintiffs argue that such contracts were breached when Pacific Bell failed to promote Plaintiffs in favor of less senior male co-workers in violation of Pacific Bell's policies and oral representations that promotions were based on seniority.  FAC ¶¶ 11, 33-36.

Here, Plaintiffs acknowledge that they are members of CWA and that CWA entered into a CBA with Pacific Bell on their behalf, which governs the terms of their employment, including promotions and transfers.  FAC ¶¶ 1-3, 32, 52; Def.'s Request for Judicial Notice, Exhs. D, E-1, E-2.[6]   Plaintiffs also acknowledge that their grievances alleging sexual discrimination were filed against Pacific Bell through CWA.   Id. ¶¶ 10-12. Nonetheless, Plaintiffs maintain that their claims are not substantially dependent on analysis of the terms of the CBA

---

[6]    See Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998), superseded by statute on other grounds as recognized in Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 681 (9th Cir. 2006).("a district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies"). Ordinarily, when a defendant attaches extrinsic evidence to a Rule 12(b)(6) motion, the court must convert that motion into one for summary judgment to give the plaintiff an opportunity to respond, this is unnecessary however where an attached document is integral to the plaintiff's claims and its authenticity is not disputed.  Id. at 706, n.4.  Because Plaintiffs' claims rest on the terms of the CBA, and because its authenticity is not disputed by the parties, it is proper for the court to consider the CBA in ruling on the motion to dismiss.  Id. at 706.

because they are based on an "implied contract," not the CBA. The court disagrees.

Here, Plaintiffs assert that their implied labor contracts are independent of the CBA and therefore their contract claim is not a claim for breach of the CBA. However, because the subject matter of their implied contracts is a job position covered by the CBA, any independent agreement of employment concerning that position could be effective only as part of the collective bargaining agreement, thus the CBA controls and Plaintiffs' contract claim is preempted. See Aguilera, 223 F.3d at 1015 ("where the position in dispute is 'covered by the CBA, the CBA controls and any claims seeking to enforce the terms of [an agreement] are preempted' "); Young, 830 F.2d at 997 (alleged oral contract between employee and employer regarding reinstatement controlled by CBA since employee held position covered by the CBA).[7] To the extent that Plaintiffs rely on Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) to support their position that the implied contract claim is not preempted, such reliance is misplaced. Caterpillar is

---

[7] Moreover, because Plaintiffs had access to a CBA-sanctioned grievance procedure, their breach of contract claim is preempted by § 301 of the LMRA. Price v. Georgia-Pacific Corp., 99 F.Supp.2d 1162, 1166 (N.D. Cal. 2000) (holding that an employee in a position with access to a CBA-sanctioned grievance procedure cannot make an individual claim for breach of contract under state law because such claim is necessarily preempted by § 301 of the LMRA).

inapplicable to the present circumstances because, unlike in Caterpillar, Plaintiffs did not negotiate an individual employment contract for a position not governed by the CBA at a time when they were not covered by the CBA. Caterpillar, 482 U.S. at 388-89. Thus, the reasoning of Caterpillar does not support Plaintiffs' position that the implied contract claim is not subject to preemption.

Accordingly, because Plaintiffs' breach of contract claim cannot be resolved without interpreting the CBA, it is preempted by § 301 of the LMRA.[8] As such, Plaintiffs' implied contract claim is subject to re-characterization as an artfully pled § 301 claim and is therefore properly before this court. See Busey, 368 F. Supp. 2d at 1054 ("where a relationship is otherwise governed by a collective bargaining agreement, state law theories of breach of contract and implied covenant of good faith and fair dealing are preempted, and subject to recharacterization as [§] 301 claim for breach of contract"). Consequently, because Plaintiffs were denied promotions in October 2003 and the grievance process was closed on September 21, 2005, this claim is time-barred as the original Complaint was not filed until December 14, 2006, far beyond the LMRA's

---

[8]   Section 2.04 of the CBA expressly establishes the procedures to be followed with respect to the transfer and promotion of employees. Def.'s Request for Judicial Notice, Exhs. D, E-1.

six-month limitations period. <u>See</u> <u>Audette v. Int'l Longshoremen's and Warehousemen's Union</u>, 195 F.3d 1107, 1111 (9th Cir. 1999) (observing that the statute of limitations for claims under the LMRA is six-months); <u>see also</u> <u>Allen v. United Food & Commercial Workers Intern. Union, AFL-CIO, CLC</u>, 43 F.3d 424, 427 (9th Cir. 1994) (observing that "[a] cause of action accrues [under § 301 of the LMRA] when the plaintiff knew, or should have known, of the defendant's wrongdoing and can successfully maintain a suit in the district court").[9]

### 2. Fraud and Deceit

Plaintiffs' fraud claim alleges that CWA promised to pursue their grievances against Pacific Bell but had no intention of ever doing so. FAC ¶¶ 39-40. Plaintiffs further allege that CWA and Pacific Bell acted in concert to conceal through misrepresentations, failure to disclose information and suppression of information, the fact that their grievances had been closed and were not being addressed. Id. ¶¶ 41-43.

As a threshold matter the court notes that although the language of § 301 is limited to " '[s]uits for violation of contracts' " it has been broadly construed to cover most state-

---

[9] Because the implied covenant derives from the contract and is defined by the contractual obligation of good faith, it is preempted to the same extent the breach of contract claim is. <u>Audette</u>, 195 F.3d at 1112 (citing <u>Allis-Chalmers</u>, 471 U.S. at 218). Therefore, this claim is also time-barred.

law actions that require interpretation of labor agreements, including fraud claims when resolution of such a claim is inextricably intertwined with terms in a labor contract. Aguilera, 223 F.3d at 1016.

"In order to establish intentional fraud under California law, appellants must prove (1) a false representation or concealment of fact; (2) knowledge of falsity; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) damages." Aguilera, 223 F.3d at 1016. " 'A promise to do something necessarily implies the intention to perform, and where such intention is absent, there is an implied misrepresentation of fact, which is actionable as fraud.' " Id.

Here, to the extent that Plaintiffs' fraud claim is premised on Defendants' alleged misrepresentations, failure to disclose information, and suppression of evidence in connection with Plaintiffs' grievances filed under the CBA, it is preempted because its resolution is substantially dependent upon analysis of the terms of the CBA. This claim cannot be evaluated without interpreting the grievance procedures of the CBA since Defendants will undoubtedly assert that they complied with the procedures set forth in the CBA. As such, the fraud claim in

this regard is preempted as it is inextricably intertwined with consideration of the CBA.[10]

Additionally, to the extent that the fraud claim encompasses the alleged oral representations and policies of Pacific Bell regarding promotions and transfers, it is also preempted. This is because in order to prove fraud, Plaintiffs would be required to show that the seniority terms of the CBA differed significantly from the terms of the implied contracts that Plaintiffs believed they had made based on Pacific Bell's oral representations, policies and procedures outside the CBA. See Young, 830 F.2d at 1001; Aguilera, 223 F.3d at 1017. Accordingly, this claim is preempted because it is inextricably intertwined with consideration of the terms of the CBA as its resolution is substantially dependent upon interpretation of the CBA.

For these reasons, Plaintiffs' fraud claim is time-barred because the original Complaint was filed long after the LMRA's six-month statute of limitations expired.

**3. Sex Discrimination & Retaliation**

Plaintiffs' sex discrimination claim alleges that Pacific Bell promoted less senior male co-workers in violation of

---

[10]   Article 7 of the CBA expressly establishes the procedures to be followed with respect to employee grievances. Def.'s Request for Judicial Notice, Exhs. D, E-1.

Pacific Bell's policy to promote based on seniority.   FAC ¶¶ 10-12.   Plaintiffs' retaliation claim alleges that Defendants retaliated against Plaintiffs for filing grievances by presenting them with settlement agreements that offered different "Power Positions" with terms that Defendants knew Plaintiffs would reject.   Id. ¶¶ 17-19.   Plaintiffs' retaliation claim also alleges that CWA retaliated against Ms. Walker by removing her as a Steward in Local 9421 based on her pursuing a grievance and filing a complaint with the NLRB.   FAC ¶¶ 23, 27. Plaintiffs allege that such conduct violated Cal. Gov't Code § 12900 et seq. (FEHA).   FAC ¶ 26.

The Ninth Circuit has generally held that claims of discrimination under California's Fair Employment and Housing Act law are not preempted by federal law.   Guidry v. Marine Engineers' Beneficial Ass'n, 2007 WL 707511, *4 (N.D. Cal. 2007) (citing Ramirez v. Fox Television Station, Inc., 998 F.2d 743, 748 (9th Cir. 1993)).   The rights conferred by the California Employment Act are defined and enforced under state law without reference to the terms of any collective bargaining agreement therefore actions asserting those rights are independent of collective-bargaining agreements.   Guidry, 2007 WL 707511 at *4 (citing Ramirez, 998 F.2d at 748); see Madison v. Motion Picture Set Painters and Sign Writers Local 729, 132 F.Supp.2d 1244, 1252, n.15 (C.D. Cal. 2000) (observing that the rights created

by the FEHA are non-negotiable and independent of rights under a CBA, and thus that FEHA claims are not preempted by § 301 of the LMRA). "Thus, as a general matter, claims of retaliation or racial discrimination under FEHA . . . are not preempted simply because they involve a relationship that is governed by a labor contract." Guidry, 2007 WL 707511 at *4. The exception to this rule is narrow: "state-law claims are preempted only when the resolution of an allegation of discrimination *itself* hinges on the interpretation of a labor contract." Guidry, 2007 WL 707511 at *4 (italics in original); see e.g., Audette, 195 F.3d at 1113 (concluding that a retaliation claim was preempted where it required the court to determine whether the terms of a prior settlement agreement provided the union with a legitimate justification for its conduct); Madison, 132 F. Supp. 2d at 1253-54 (concluding that a discrimination claim was preempted where plaintiff's prima facie case required reliance on the CBA and where it was almost certain that defendant's articulated non-discriminatory reason for its actions would also require reliance on the CBA).

Here, to the extent that Plaintiffs' discrimination claim is premised on Pacific Bell's promotion of less senior male co-workers in violation of its seniority policy, it is preempted. This is because resolution of this claim is substantially dependent on an analysis of the terms of the CBA. This claim

cannot be evaluated without interpreting the seniority provisions of the CBA since the terms of Plaintiffs employment, including their eligibility for a promotion and/or transfer, are governed by the CBA. Moreover, because Pacific Bell will undoubtedly assert that it complied with the procedures set forth in the CBA, Plaintiffs' discrimination claim is inextricably intertwined with consideration of the terms of the CBA and is therefore preempted. Audette, 195 F.3d at 1113 (finding preemption where "resolution of the [state] discrimination and retaliation claim turns on defendants' offer of a 'legitimate nondiscriminatory reason' requiring interpretation of the collective bargaining agreement").[11]  In short, preemption is appropriate under the circumstances because the question before the court is the interpretation to be given to the seniority and transfer provisions of the CBA. Indeed, because the factual inquiry as to whether Pacific Bell had a non-discriminatory reason for failing to promote Plaintiffs turns on the meaning of the provisions of the CBA, Plaintiffs'

---

[11]  To establish a prima facie case of sex discrimination Plaintiffs would have to show: (1) they belong to a protected class, (2) they were performing according to their employer's legitimate expectations, (3) they suffered an adverse employment action, and (4) other employees with qualifications similar to them were treated more favorably. Godwin v. Hunt Wesson, Inc., 150 F.3d 1217, 1220 (9th Cir. 1998). A prima facie case of sex discrimination can be rebutted by a defendant's articulation of a nondiscriminatory reason for the allegedly discriminatory conduct. Id.

state-law claim is not independent of the CBA. Accordingly, Plaintiffs' sex discrimination claim is preempted by the LMRA and time-barred as the original Complaint was filed long after the LMRA's six-month statute of limitations expired.[12]

Additionally, to the extent that Plaintiffs' assert that CWA's handling of the grievances, including the settlements offered, was discriminatory and retaliatory, such claims are preempted because they are inextricably intertwined with consideration of the terms of the CBA since CWA will undoubtedly assert that it complied with the procedures set forth in the CBA

---

[12] Alternatively, Plaintiffs' sex discrimination claim is subject to dismissal because Plaintiffs failed to file administrative charges within one year from the alleged discriminatory action. See Paterson v. California Dept. of General Services, 2007 WL 756954 *6 (E.D. Cal. 2007) (a timely administrative charge is a precondition to the filing of a discrimination charge in court under FEHA); Rodriguez v. Airborne Express, 265 F.3d 890, 896 (9th Cir. 2001) (" 'In order to bring a civil action under FEHA, the aggrieved person must exhaust the administrative remedies provided by law[,]' " by "filing a written charge with DFEH within one year of the alleged unlawful employment discrimination, and obtaining notice from DFEH of the right to sue"); Cal. Gov't Code § 12960(d) ("no complaint may be filed after the expiration of one year from the date upon which the alleged unlawful practice or refusal to cooperate occurred. . . . "). Plaintiffs' statutory claim under FEHA is clearly untimely because the alleged discrimination occurred in October 2003, FAC ¶¶ 11-12, and Plaintiffs' filed their administrative charges in December 2005. Def.'s Request for Judicial Notice, Exhs. A-C. Accordingly, because Plaintiffs failed to exhaust their administrative remedies, i.e., submit claims to DFEH within one year of the alleged sex discrimination, Plaintiffs are time-barred from bringing suit on this claim. See Romano v. Rockwell Int'l, Inc., 14 Cal.4th 479, 492 (1996).

regarding the handling of Plaintiffs' grievances,[13] i.e., it had a non-discriminatory reason for handling the grievances in the manner it did.[14]

In sum, the FAC does not allege free-standing claims of discrimination and retaliation with respect to the promotion of less senior male co-workers and the handling of grievances. This is because such allegations implicate the scope of the contractual relationship between the parties and therefore require the court to interpret the obligations owed under the CBA. Accordingly, Plaintiffs' discrimination and retaliation claims are time-barred because the Complaint was filed long after the LMRA's six-month statute of limitations expired.

---

[13]   Article 7 of the CBA expressly establishes the procedures to be followed with respect to employee grievances.   Def.'s Request for Judicial Notice, Exhs. D, E-1.

[14]   Under FEHA it is an unlawful employment practice "[f]or any employer, labor organization, employment agency, or person to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part."   Cal. Gov't Code § 12940(h).   To establish a prima facie case of retaliation, a plaintiff must show that he or she engaged in a protected activity, were thereafter subjected to adverse employment action and there was a causal link between the two. Mathieu v. Norrell Corp., 115 Cal. App. 4th 1174, 1185 (2004). A prima facie case of discrimination can be rebutted by the defendant's showing of a legitimate non-discriminatory reason for the action taken.   Guz v. Bechtel Nat'l Inc., 24 Cal. 4th 317, 355 (2000); Morgan v. Regents of University of California, 88 Cal. App. 4th 52, 68 (2000).

Finally, to the extent that Plaintiffs' retaliation claims are premised on Defendants retaliation arising out of Plaintiffs' grievances and Ms. Walker's filing of a complaint with the NLRB, such claims are preempted by the NLRA.[15]

"The general rule of preemption in labor cases is that if the activity relied on as the basis for a suit is 'arguably subject to § 7 or § 8 of the [NLRA], the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board.' " <u>Lumber Prod. Indus. Workers Local 1054 v. West Coast Indus. Relations Ass'n, Inc.</u>, 775 F.2d 1042, 1047-48 (9th Cir. 1985); <u>see</u> <u>Bassette v. Stone Container Corp.</u>, 25 F.3d 757, 759 (9th Cir. 1994) (holding that "[a]n action brought under state law is preempted '[w]hen it is clear or may fairly be assumed that the activities which a State purports to regulate are protected by [section] 7 of the National Labor Relations Act, or constitute an unfair labor practice under [section] 8' ").

Section 8(a)(1) of the NLRA makes it an unfair labor practice "to interfere with, restrain, or coerce employees in

[15] As an initial matter, Ms. Walker's state law retaliation claim fails as against Pacific Bell because CWA, not Pacific Bell, removed Ms. Walker from her position as a union steward. <u>See</u> <u>Mathieu</u>, 115 Cal.App.4th at 1185 (noting that in order to establish a prima facie case of retaliation, a plaintiff must show that he or she engaged in a protected activity, were thereafter subjected to adverse employment action and there was a causal link between the two).

the exercise" of their rights under the NLRA. 29 U.S.C. § 158(a)(1). This section protects an employee's right to file grievances. See NLRB v. Eaton Corp., 623 F.2d 479 (6th Cir. 1980) (finding that employer violated § 8 of the NLRA by firing employee for exercising right to file grievances under the collective bargaining agreement); See Toledo World Terminals, Inc., 289 N.L.R.B. 670, 706-07 (1988) (finding that a union violations section 8(a)(1) of the NLRA for retaliating against a member in response to the filing of a grievance). Section 8(a)(3) of the NLRA prohibits discrimination in regard to "any term or condition of employment to encourage or discourage membership in any labor organization." This section has also been found to prohibit discrimination for filing grievances. See Champion Parts Rebuilders, Inc. v. NLRB, 717 F.2d 845 (3d Cir. 1983) (finding that employer violated § 8(a)(3) by discharging an employee in retaliation for filing a grievance).

Here, to the extent that Plaintiffs' retaliation claim is premised on Pacific Bell's retaliatory conduct in response to Plaintiffs' filing their grievances, it is preempted by the NLRA. This is because the conduct that forms the basis of this state law retaliation claim is the same conduct that would support an unfair labor practice complaint filed with the NLRB – that Pacific Bell retaliated against Defendants for filing a grievance through her union. Likewise, to the extent that Ms.

Walker alleges a state law retaliation claim against CWA for removing her as a union steward, this claim is also preempted by the NLRA because the conduct that forms the basis of such claim is the same conduct that would support an unfair labor practice complaint with the NLRB. See <u>Toledo World Terminals, Inc.</u>, 289 N.L.R.B. at 673-74, 704-05 (a union violates Section 8(b)(1)(A) and (2) of the NLRA by removing a steward in retaliation for seeking to vindicate his or her rights in front of the Board by filing an unfair labor practice charge against the union).

For these reasons, Plaintiffs retaliation claims are preempted by the NLRA and therefore dismissed.

### 4. Breach of Fiduciary Duty

Plaintiffs' breach of fiduciary duty claim alleges that CWA breached its duty under the CBA to act for the benefit of Plaintiffs in all matters relating to employment with Pacific Bell by acting against Plaintiffs' interests. FAC ¶¶ 52-54.

"Section 9(a) of the LMRA authorizes a union to act as the exclusive agent for its members in collective bargaining with the employer." <u>Madison</u>, 132 F. Supp. 2d at 1256 (citing 29 U.S.C. § 159(a)). "The exclusivity of the agency imposes on a union the duty 'to represent all members . . . without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct.' " <u>Madison</u>, 132 F. Supp. 2d at 1256. "The duty of

fair representation applies to all representational activity in which the union engages, including the 'negotiation, administration, and enforcement of collective bargaining agreements.' " <u>Madison</u>, 132 F. Supp. 2d at 1256 (quoting <u>Int'l Brotherhood of Electrical Workers v. Foust</u>, 442 U.S. 42, 47 (1979)).  Because this duty is derived from the LMRA, it is defined solely by federal law and preempts the application of state substantive law that seeks to regulate conduct within its ambit.  <u>Madison</u>, 132 F. Supp. 2d at 1256.

Although Plaintiffs style this claim as a breach of fiduciary duty claim, it is more appropriately characterized as a breach of the duty of fair representation.  This is because the gravamen of this claim is that CWA failed to adequately represent Plaintiffs regarding the processing of their grievances.  <u>See</u> <u>Galindo v. Stoody Co.</u>, 793 F.2d 1502, 1509 (9th Cir. 1986) (observing that "[t]he vast majority of duty of fair representation claims arise in the grievance procedure context: the employee claims that a union failed to process a grievance or mishandled its presentation").  Therefore, since this claim rests on CWA's representational activity, (i.e., handling of Plaintiffs' grievances), it is preempted.

For this reason, Plaintiffs' breach of fiduciary duty claim is time-barred because the Complaint was not filed within six-months of the accrual of this claim.  <u>Galindo</u>, 793 F.2d at 1509

(noting that statute of limitations for a duty of fair representation claim is six-months).[16]

### III. CONCLUSION

For the reasons stated above, the court GRANTS the motion to dismiss.

**IT IS SO ORDERED.**

ENTERED this 18th day of September, 2007.

s/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[16]   CWA's handling of Plaintiffs' grievances was completed on September 21, 2005 and the original Complaint was filed on December 14, 2006, far beyond the six-month statutory period.